IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LEROY SMITH,<br>TDCJ-CID NO. 177456,<br><br>   Petitioner,<br><br>v.<br><br>RICK THALER, Director,<br>Texas Department of Criminal<br>Justice, Correctional<br>Institutions Division,<br><br>   Respondent. | §§§§§§§§§§§§§ | CIVIL ACTION NO. H-09-0164 |

## MEMORANDUM OPINION AND ORDER

Leroy Smith, a Texas prisoner, has filed a Petition for a Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254 (Docket Entry No. 1) challenging a state court felony judgment out of Harris County, Texas. The Respondent has filed a Motion for Summary Judgment (Docket Entry No. 25) arguing that the Petition is untimely and is barred by the statute of limitations established by the Anti-Terrorism and Effective Death Penalty Act (AEDPA) as codified in 28 U.S.C. § 2244(d).

### I. Procedural History and Claims

Smith was charged with aggravated assault with a deadly weapon. He subsequently entered a guilty plea and was sentenced by the state trial court on November 30, 2006. State v. Smith, No. 1040361 (179th Dist. Ct., Harris County, Tex.). No direct

appeal was filed. (Docket Entry No. 1 at 3) The state court records indicate that Smith filed a state application for a writ of habeas corpus on November 12, 2007. (Docket Entry No. 27-1 at 9) The Texas Court of Criminal Appeals denied the application on May 21, 2008. Ex parte Smith, No. 5,923-04, Docket Entry No. 27 at 3.

Prior to filing the pending federal habeas petition, Smith filed an earlier federal petition for a writ of habeas corpus, which was dismissed for want of prosecution due to Smith's failure to respond to a motion for summary judgment. Smith v. Quarterman, No. H-08-2079 (S.D. Tex. Dec. 30, 2008). The present petition was executed by Smith on January 16, 2009, mailed from the prison in an envelope post-marked January 20, 2009, and filed by the Clerk on January 23, 2009.

Smith presents the following grounds for relief:

1. There was insufficient evidence to support the conviction because the accusing witness lied under oath.

2. Smith's counsel was ineffective when she told him that she could not locate any witnesses and advised him that he was not allowed to ask any questions in court.

3. Smith's guilty plea was unlawfully induced and involuntary.

(Docket Entry No. 1-2 at 7 and 8)

## II. Analysis: One-Year Statute of Limitations

Smith's habeas petition is subject to the AEDPA provisions, which restrict the time in which a state conviction may be

-2-

challenged, because the petition was filed after April 24, 1996, the date the AEDPA was enacted. <u>Flanagan v. Johnson</u>, 154 F.3d 196, 198 (5th Cir. 1998). Under the AEDPA federal habeas petitions that challenge state court judgments are subject to a one-year limitations period as set forth by the following statutory language:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)(2).

Because Smith entered a guilty plea on November 30, 2006, and did not file a direct appeal, his conviction became final on December 30, 2006, the last day he could have filed a notice of appeal. TEX. R. APP. P. 26.2(a) (West 2006) (defendant must file his appeal within 30 days of the date the trial court enters its judgment); Flores v. Quarterman, 467 F.3d 484, 485 (5th Cir. 2006) ("[A] state conviction becomes final when the time for seeking direct review expires regardless of when the state court issues its mandate."), citing Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003). Under the provisions of 28 U.S.C. § 2244(d)(1)(A), Smith had until January 2, 2008, to file his federal habeas petition because December 30, 2007, fell on a Sunday. See Windland v. Quarterman, 578 F.3d 314, 318 (5th Cir. 2009), citing Fed. R. Civ. P. 6(a)(3).

After 316 days had elapsed Smith filed a state application for a writ of habeas corpus on November 12, 2007. This filing stopped the running of the federal habeas limitations period while the state application was pending. 28 U.S.C. § 2244(d)(2). The date indicated by the state court records is the date that the application was filed for purposes of this proceeding. Howland v. Quarterman, 507 F.3d 840, 843-845 (5th Cir. 2007); Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999). Accordingly, the period was tolled from November 12, 2007, until May 21, 2008. Windland v. Quarterman, 578 F.3d 314, 317 (5th Cir. 2009) (state habeas petition was pending on the day it was filed through and

including the day it was decided). Smith had 49 days remaining when the habeas limitations period recommenced on May 22, 2008. Therefore, Smith needed to file his federal habeas petition on or before July 10, 2008. His prior federal habeas petition, which was dismissed for want of prosecution, has no tolling effect. <u>Duncan v. Walker</u>, 121 S.Ct. 2120, 2129 (2001); <u>see</u> also <u>Graham v. Johnson</u>, 168 F.3d 762, 777 n.12 (5th Cir. 1999) (habeas suit dismissed without prejudice is treated as if it had never been filed).

Smith is incarcerated and is considered to have filed his federal petition for a writ of habeas corpus on the date that he would have surrendered it to prison officials for mailing. <u>Spotville v. Cain</u>, 149 F.3d 374, 378 (5th Cir. 1998). The court will construe the petition to have been filed on January 16, 2009. <u>Sonnier v. Johnson</u>, 161 F.3d 941, 945 (5th Cir. 1998). Under the provisions of section 2244(d)(1)(A) Smith's petition is more than six months tardy since he needed to file his petition no later than July 10 of the previous year. There is no indication that Smith was subject to any state action that impeded him from filing his petition. 28 U.S.C. § 2244(d)(1)(B). There is no showing of a newly recognized constitutional right upon which the habeas petition is based; nor is there a factual predicate of the claims that could not have been discovered before the challenged conviction became final. 28 U.S.C. § 2244(d)(1)(C), (D). Finally, Smith does not present any rare and exceptional circumstances that

would warrant equitable tolling of the federal limitations period. Turner v. Johnson, 177 F.3d 390, 391-92 (5th Cir. 1999). Therefore, the federal petition for a writ of habeas corpus is subject to dismissal because it is untimely.

### III. Petitioner's Motions

Smith filed a Notice of Appeal and filed an Application to Proceed In Forma Pauperis (Docket Entry No. 21). The application has been mooted by the Fifth Circuit's dismissal of the appeal for lack of jurisdiction. (See Docket Entry No. 30.) Smith has filed a motion for discovery (Docket Entry No. 32) in which he seeks copies of transcripts along with pretrial, sentencing, and post-conviction records in order to allow him to research his case. The motion will be denied because Smith does not have the unqualified right to obtain free copies of his records to pursue speculative claims. Murphy v. Johnson, 205 F.3d 809, 814 (5th Cir. 2000). Smith has also filed a motion for new trial (Docket Entry No. 34) and a Motion for Summary Judgment (Docket Entry No. 35). Both motions will be denied because they are baseless and do not address the untimeliness of Smith's habeas petition.

### IV. Certificate of Appealability

Under 28 U.S.C. § 2253 Smith needs to obtain a Certificate of Appealability before he can appeal this Memorandum Opinion and Order dismissing his petition. To obtain a Certificate of

Appealability Smith must make a substantial showing of the denial of a constitutional right. Williams v. Puckett, 283 F.3d 272, 276 (5th Cir. 2002). To make such a showing Smith must demonstrate that the issues are debatable among jurists of reason, that a court could resolve the issues in a different manner, or that the questions are adequate to deserve encouragement to proceed further. Lucas v. Johnson, 132 F.3d 1069, 1073 (5th Cir. 1998). For the reasons stated in this Memorandum Opinion and Order, Smith has not made a substantial showing of the denial of a constitutional right. Newby v. Johnson, 81 F.3d 567, 569 (5th Cir. 1996). The court will deny the issuance of a Certificate of Appealability in this action.

## V. Conclusion

The court **ORDERS** the following:

1. Respondent's Motion for Summary Judgment (Docket Entry No. 25) is **GRANTED.**

2. This Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) is **DISMISSED with prejudice.**

3. A Certificate of Appealability is **DENIED.**

4. All other motions (Docket Entry Nos. 21, 32, 34, and 35) are **DENIED.**

**SIGNED** at Houston, Texas, on this 9th day of February, 2010.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE